IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SIEW TIONG GOH and<br>LYSA HONG GOH,<br><br>Plaintiffs,<br><br>vs.<br><br>CRE ACQUISITION, INC.; CLARK<br>RETAIL ENTERPRISES, INC.; and<br>CNC ELECTRONICS, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 02 C 4838 |
| HERBERT MIDDLETON,<br><br>Plaintiff,<br><br>vs.<br><br>CRE ACQUISITION, INC.; CLARK<br>RETAIL ENTERPRISES, INC.; and<br>CNC ELECTRONICS, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04 C 1250<br>(Consolidated with 02 C 4838) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Siew Tiong Goh brought this action against defendants CRE Acquisition, Clark Retail Enterprises and CNC Electronics, alleging that defendants neligently maintained a staircase on which he fell, sustaining injuries. Plaintiff Herbert Middleton also fell on the same staircase and brought an action against defendants that has been consolidated with Goh's case (04 C 1250, docket #10, 4/21/04). Defendant CNC Electronics (CNC) now moves for summary judgment, arguing that it owed no duty to either plaintiff. For the following reasons, CNC's motion is granted.

Summary judgment is proper when the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Facts and inferences are construed in the light most favorable to plaintiffs, the nonmoving parties. Darnell v. Thermafiber, Inc., 417 F.3d 657, 659 (7th Cir. 2005).

Plaintiffs each fell[1] on a staircase that connected the first level of a truckstop located in Hampshire, Illinois, to the basement level. CNC leased an area in the basement level, from which it operated a CB radio repair shop. CNC only occupied a small area of the lower level,[2] which was primarily devoted to restrooms, showers and laundry facilities. Neither plaintiff alleges that he knew CNC existed.

CNC contends that it owed no duty to plaintiffs because they were not business invitees, and also because it merely leased a portion of the basement and had no control over the staircase. In response, plaintiffs argue that CNC had a duty to maintain the staircase because it knew that it presented a dangerous condition and that it was the only path of ingress and egress to CNC's business.

The core dispute is whether CNC owed a duty to plaintiffs; if there was no duty, then plaintiffs' negligence actions fail. *See* Cochran v. Sollitt Constr. Co., 832 N.E.2d 355, 295 Ill. Dec. 204 (Ill. App. 1st Dist. 2005) ("The essential elements of a cause of action based on common-law negligence are the existence of a duty owed by defendant to plaintiff, the breach of that duty, and injury proximately caused by that breach."). The existence of a duty is a

---

[1] Plaintiff Middleton fell on March 11, 2002, and plaintiff Goh fell on April 17, 2002.

[2] Martin Olson, CNC's proprietor, described the space as "just the little hundred and some square foot room behind the steel door" (Olson dep. at 43), and a copy of CNC's lease describes the leased area to be "approximately 154 square feet of space in the basement." (def. ex. A).

question of law that depends on whether the "law imposes an obligation on the defendant to act reasonably for the protection of the plaintiff." Friedman v. City of Chicago, 333 Ill. App. 3d 1070, 777 N.E.2d 430, 432-33, 267 Ill. Dec. 627 (Ill. App. 1st Dist. 2002); *see also* Dodd v. Cavett Rexall Drugs, Inc., 178 Ill. App. 3d 424, 533 N.E.2d 486, 491, 127 Ill. Dec. 614 (Ill. App. 1st Dist. 1988). Illinois courts have imposed a duty on landowners to provide a safe means of ingress and egress to their premises, but the scope of that duty must be decided on a case-by-case basis. Kokoszynski v. Chicago S. Shore & S. Bend R.R., 243 Ill. App. 3d 343, 612 N.E.2d 32, 35, 183 Ill. Dec. 775 (Ill. App. 1st Dist. 1993); Nowak v. Coghill, 296 Ill. App. 3d 886, 695 N.E.2d 532, 537, 231 Ill. Dec. 15 (Ill. App. 2d Dist. 1998).

Defendant emphasizes that neither plaintiff knew of CNC's presence, frustrating any claim they may have to business invitee status. However, under Illinois law, owners and occupiers of premises owe a duty of reasonable care to both invitees and licensees. Lafever v. Kemlite, 185 Ill.2d 380, 706 N.E.2d 441, 447 n.1, 235 Ill. Dec. 886 (Ill. 1998). The issue of duty is best resolved without reference to the legal status of plaintiffs.

The facts of this case are unique. Most cases that address off-premises accidents involve falls occurring on public sidewalks outside of businesses, but these cases still provide useful guidelines for staking the boundaries of a tenant's liability when an injury occurs beyond the physical parameters of his leasehold. The general rule governing cases involving public sidewalks is that the building owner must provide a reasonable means of ingress and egress from his premises, and is not responsible for injuries occurring on the sidewalk, unless he appropriates the sidewalk for his own use, or has caused or contributed to the dangerous condition on the sidewalk. Friedman, 777 N.E.2d at 433; Evans v. Koshgarian, 234 Ill. App. 3d 922, 602 N.E.2d 27, 29-30, 176 Ill. Dec. 720 (Ill. App. 1st Dist. 1992). In Cooley v. Maske, 46

Ill. App. 2d 25, 196 N.E.2d 396 (Ill. App. 2d Dist. 1964), the plaintiff fell on a city-owned sidewalk that was the only means of ingress and egress to a tavern, and he sued both the tavern's operator and owner. Even though the defendants did not own the sidewalk, the court treated it as a necessary adjunct to the tavern and imposed a duty to ensure that its patrons could safely use the sidewalk. *Id.* at 389. Central to the court's holding was the fact that the sidewalk's sole function was to provide access to the tavern, and as a consequence the defendants had essentially appropriated the sidewalk for their exclusive use. Courts have distinguished Cooley by noting that the sidewalks at issue were not exclusively used by the defendants. *See* Dodd, 533 N.E.2d at 491-92; Burke v. Grillo, 227 Ill. App. 3d 9, 590 N.E.2d 964, 169 Ill. Dec. 45 (Ill. App. 2d Dist. 1992). That distinction applies here. Even though the stairs served CNC's shop, CNC did not appropriate them for its exclusive use because the stairs also provided access to the showers, laundry facilities, and restrooms.

Similarly, CNC did not take any action to assert dominion over the stairs. In Friedman v. City of Chicago, 333 Ill. App. 3d 1070, 777 N.E.2d 430, 267 Ill. Dec. 627 (Ill. App. 1st Dist. 2002), the defendants sectioned off a portion of the sidewalk to use as an outdoor café. Plaintiff was forced to walk around the café and tripped on a cracked and uneven portion of the sidewalk. The court held that by using the sidewalk for a café "defendants subjected themselves to the duty to act with reasonable care toward anyone lawfully on the sidewalk." *Id.* at 434. In Kokoszynski, the defendant failed to provide adequate parking for its customers and employees, which caused a number of cars to clog the street, obstructing the view of oncoming cross-traffic. The defendant also placed a sign on the street that designated the strip as customer-only parking. Plaintiff drove her car from defendant's parking lot and was struck by an oncoming car. Even though the accident occurred on a city street, the court held

summary judgment was inappropriate because the defendant encouraged its patrons to park on the street, creating "a factual question as to whether defendant effectively expanded its parking lot by expropriating this strip of [the street] for its own business purposes." Kokoszynski, 612 N.E.2d at 35.

Unlike the defendants in Friedman and Kokoszynski, CNC did not take any affirmative steps to appropriate the stairs for its own use. Plaintiffs note that CNC placed a sign at the top of the stairs that announced its presence in the basement. But CNC did not acquire any ownership interest in the stairs due to the sign alone, just as the signs that it placed on the outside of the gas station did not create an interest in the cash registers or gas pumps. Neither did the sign prevent the public from using the stairs in the ordinary manner, nor create any additional dangers such as the parked cars in Kokoszynski. *See also* Evans, 602 N.E.2d at 30; McDonald v. Frontier Lanes, Inc., 1 Ill. App. 3d 345, 272 N.E.2d 369 (Ill. App. 2d Dist. 1971) (defendant parked cars on the sidewalk, preventing its normal use); King v. Swanson, 216 Ill. App. 294 (Ill. App. 1st Dist. 1919) (defendant's dragging of laundry baskets outside his shop made the area particularly dangerous and slippery). CNC never assumed control of the stairs. Olson stated that it was his belief that Clark Retail Enterprises, the owner of the gas station, and not CNC, was responsible for maintaining and making any changes to the stairs (Olson dep. at 69-70, 74, 103).[3] In sum, it cannot fairly be said that CNC appropriated the staircase for its own use.

Under the terms of its lease, CNC was responsible for what Olson dubbed the "little

---

[3] Olson further testified that the accidents were attributable to remodeling on the first level and the placement of a cash register next to the stairs (Olson dep. at 85, 90), and that the accidents occurred because the cash registered obstructed the location of the stairs (*id.* at 86-7). To that extent, no patron of CNC ever fell or raised any concerns to Olson (*id.* at 92).

hundred and some square foot room behind the steel door." CNC had no control over the staircase that provided access to all the facilities located on the lower level. CNC took no steps to appropriate the stairs, and it did not create any dangerous condition that prevented the public from using them. Thus, CNC owed no duty to plaintiffs, and their negligence claims must be dismissed.

## CONCLUSION

For the foregoing reasons, CNC's motion for summary judgment is granted.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 7, 2005.